**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:15-cr-026

                                              District Judge Susan J. Dlott
  -  vs  -                                  Magistrate Judge Michael R. Merz

SAVOY BRAXTON CARPENTER,

                Defendant.      :

**REPORT AND RECOMMENDATIONS**

This criminal case is before the Court on Defendant Carpenter's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 109). Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Carpenter pleads one ground for relief, to wit, "18 U.S.C. § 924(c) is unconstitutional as applied to Savoy Carpenter." (Motion, ECF No. 109, PageID 662).

**Procedural History**

Savoy Carpenter was indicted by the grand jury for this District on March 4, 2015, for alleged violations of 18 U.S.C. §§ 1951, 1952 (Counts 1 and 2) and using, brandishing, and carrying a firearm during and in relation to the violation of the Hobbs Act of 1946 charged in Count 2, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3) (Indictment, ECF No. 3, PageID 5-6). On April 23, 2015, the United States filed an Information containing eight counts and naming Carpenter in Counts 1, 5, 6, 7, and 8 (ECF No. 20). On the same date, Carpenter entered into a Plea Agreement with the United States under which he would plead guilty to all of those counts (ECF No. 21). The parties agreed that an appropriate sentence in the case was 384 months imprisonment. *Id.* at PageID 53. After receiving and reviewing a Presentence Investigation Report form the U.S. Probation Office, District Judge Susan J. Dlott sentenced Carpenter to 300 months imprisonment (*i.e.*, seven years less than the agreed sentence) (Judgment, ECF No. 73, PageID 219).

Despite the appeal waiver in the Plea Agreement (ECF No. 21, Page ID 52), Carpenter appealed to the U.S. Court of Appeals for the Sixth Circuit. That Court dismissed the appeal on the Government's motion, concluding the appeal waiver was valid and binding and covered the issues Carpenter was raising. *United States v. Carpenter,* Case No. 16-3534 (6th Cir. Apr. 25, 2017) (unpublished; copy at ECF No. 99). As part of his appeal, Carpenter argued that 18 U.S.C. § 924(c) was unconstitutionally vague. As to that claim, the Sixth Circuit held:

> Finally, Carpenter argues that his vagueness challenge to § 924(c) falls within the exception to the appeal waiver for changes to the Sentencing Guidelines made after the conviction and which are expressly made retroactive. We disagree. There has been no holding by the Supreme Court that the mandatory-minimum-sentence provisions of § 924(c)(1) are void for vagueness. We have rejected a claim that the definition of a "crime of violence" in § 924(c)(3)(B) is void for vagueness. *United States v. Taylor*, 814 F.3d 340, 375–79 (6th Cir. 2016), petition for cert. filed, (Oct. 6, 2016)

2

> (No. 16-6392). And we recently held that a § 1951 robbery qualifies as a crime of violence under the "elements" clause of § 924(c)(3)(A). *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir. 2017). No changes have been made to the Sentencing Guidelines affecting Carpenter's mandatory minimum sentences under § 924(c)(1).

*Id.* at PageID 443. Carpenter did not seek review in the Supreme Court, but filed the instant Motion within the time allowed by 28 U.S.C. § 2255(f) (ECF No. 109).

# Analysis

Carpenter claims the law applicable to his case is changed by the decision of the United States Supreme Court in *Sessions v. Dimaya*, 584 U.S. ----, 138 S. Ct. 1204, --- L.Ed.2d ---- (2018), which held that the residual clause of the federal criminal code's definition of "crime of violence," -- 18 U.S.C. § 16(b) -- is unconstitutionally vague. Carpenter's assertion is that "[t]he language of the residual clause contained in 18 U.S.C.A. § 16(b) is identical, for all intents and purposes, to the language of the residual clause contained in Title 18 U.S.C. § 924(c)." (Motion, ECF No. 109, PageID 674).

The relevant portions of § 924(c) read:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such

> crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> * * * *
>
> (c)(3) For purposes of this subsection the term ''crime of violence'' means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 defines "crime of violence" for purposes of the federal criminal code as follows:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Magistrate Judge agrees with Carpenter that 18 U.S.C. § 16(b) and § 924(c)(3) (b) are identical for purposes of this analysis. This identity of language, however, does not entitle Carpenter to relief for three reasons.

**Binding Precedent**

In *Dimaya*, the Supreme Court based its decision on the similarity of the residual clause definition of crime of violence in the Armed Career Criminal Act ("ACCA") and that in § 16(b). The Court had held the ACCA residual clause to be unconstitutionally vague in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015) ("*Johnson II*"), and, in *Dimaya*, concluded that *Johnson II* required the same result as to § 16(b). 138 S.Ct. at 1214-16.

In *Taylor*, , the Sixth Circuit refused to extend *Johnson* to 18 U.S.C. § 924(c)'s definition of crime of violence which it held was not unconstitutional, based on a number of distinctions between 924(c) and the ACCA. 814 F.3d at 375-79, *rehearing en banc denied* 2016 U.S. App. LEXIS 9974 (6th Cir. May 9, 2016). *Taylor* is pending on a petition for *certiorari* before the Supreme Court (Case No. 16-6392, filed Oct. 6, 2016). While it seems likely that the Supreme Court, if it grants *certiorari*, will reverse *Taylor*, it has not done so as yet, and *Taylor*, as a published decision of the Sixth Circuit, remains binding on this Court.

**Forfeiture**

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013), quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); citing *United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

> Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255

5

> unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime.

*Id*., citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). *Johnson II*, which established the basic principle that the residual clause language is unconstitutionally vague, was decided before Carpenter appealed and could have been made part of his direct appeal; prior to that, it could have been raised in this Court. Because Carpenter's vagueness argument was not made either in this Court or on appeal, it has been forfeited. *Frady*, 456 U.S. at 167-68.

**Sentence Under the "Elements" Clause, Not the "Residual" Clause**

Carpenter's argument depends on this claim that he was sentenced under the residual clause of § 924(c) because that is the clause that is arguably unconstitutionally vague.

Carpenter pleaded guilty to three Hobbs Act violations, robbery on August 17, 2014; robbery on October 29, 2014; and robbery on November 7, 2014. Those are the Hobbs Act crimes charged in the Information (ECF No. 20, PageID 46-49). Those are the Hobbs Act crimes Carpenter admitted to in the Statement of Facts attached to the Plea Agreement (ECF No. 21, PageID 56-59). In each applicable count of the Information, the term "robbery" is specified as having the meaning "at that term is defined in 18 U.S.C. § 1951." Robbery is defined in 18 U.S.C. § 1951(b)(1) as

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his

> family or of anyone in his company at the time of the taking or obtaining.

Thus, the crime of Hobbs Act robbery to which Carpenter pleaded guilty has as an element the actual or threatened use of force. In deciding whether a crime is a violent crime under § 924(c), a federal court must determine whether it "has as an element the use or attempted used of '*violent force* – that is, force capable of causing physical pain or injury to another person.'" *United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016) (emphasis in original), quoting *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ("*Johnson I*"). That element "may be satisfied by proof of actual physical contact." *Id.*, quoting *United States v. Street,* 66 F.3d 969, 977 (8th Cir. 1995). In the absence of physical contact, the forcible element can be established by proving a threat or display of physical aggression "sufficient to inspire fear of pain, bodily harm, or death. *Id*. at 446, quoting *United States v. Chambers*, 195 F.3d 274, 277 (6th Cir. 1999) This satisfies the requirement of threatened use of physical force set forth in *Johnson I*. *Id*. The Sixth Circuit, in expressly deciding that Hobbs Act robbery constitutes a crime of violence under § 924(c)(3), noted that all other circuit courts to consider the question had ruled the same way. *Gooch*, 850 F.3d at 292, citing *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017), *vacated and remanded at Anglin v. United States*, 138 S.Ct. 126 (2017); *United States v. Hill*, 832 F.3d 135, 138-39 (2nd Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (*per curiam*); *United States v. Howard*, No. 15-10042, 650 F. App'x 466, 467-68 (9th Cir. 2016); .

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Carpenter's § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 1, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).