# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:15-cr-026

                             District Judge Susan J. Dlott
- vs -                          Magistrate Judge Michael R. Merz

SAVOY BRAXTON CARPENTER,

        Defendant.    :

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Savoy Carpenter's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 109). The § 2255 Motion was referred to Magistrate Judge Michael R. Merz (ECF No. 112) who filed a Report and Recommendations recommending dismissal with prejudice and denial of a certificate of appealability (Report, ECF No. 115). Carpenter has now filed Objections (ECF No. 121).

Under Fed. R. Civ. P. 72(b)(3), a district judge must review and determine de novo any portion of a Magistrate Judge's recommendation that has been properly objected to. The Court has reviewed the Objections de novo and concludes as follows.

Carpenter pleads one ground for relief, to wit, "18 U.S.C. § 924(c) is unconstitutional as applied to Savoy Carpenter," relying on *Sessions v. Dimaya*, 584 U.S. ___, 138 S.Ct. 1204 (2018)

1

(Motion, ECF No. 109, PageID 662). The Report concluded that Carpenter was not entitled to relief because (1) binding precedent was to the contrary, citing *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016); (2) Carpenter had forfeited this claim by not raising it on direct appeal; and (3) Carpenter had been sentenced under the "elements" clause of 18 U.S.C. § 924(c)(3) rather than the "residual" clause. (Report, ECF No. 115, PageID 698-700.) Carpenter objects to all three of these conclusions.

***Taylor* as Precedent**

The Report recommends dismissal on the basis of binding precedent, *Taylor, supra*. In this very case on direct appeal, the Sixth Circuit cited *Taylor* for its rejection of the notion that the definition of a crime of violence in 18 U.S.C. § 924(c)(3)(B) is void for vagueness. *United States v. Carpenter*, Case No. 16-3534 (6th Cir. Apr. 25, 2017) (unpublished; copy at ECF No. 99, PageID 443.) The Report acknowledged that *Taylor* was pending on petition for certiorari before the Supreme Court which could result in its reversal. However, since the Report was filed the Supreme Court has denied certiorari. *Taylor v. United States*, ___ S.Ct. ___, 2018 WL 3574 (May 14, 2018). *Dimaya* does not "overrule" *Taylor*. The Sixth Circuit had anticipated the Supreme Court's holding in *Dimaya* when it found 18 U.S.C. § 16(b) unconstitutionally vague. *Shuti v. Lynch*, 828 F.3d 440, (6th Cir. 2016). *Taylor* thus remains binding precedent which the Sixth Circuit has recognized as relevant to this case.

**Forfeiture**

The Report recommends dismissal on the basis of forfeiture: Carpenter did not raise his void for vagueness claim in either this Court or the Sixth Circuit on appeal.

Carpenter objects that he could not have raised the vagueness argument when he was sentenced or on appeal because the Sixth Circuit had decided *Taylor* in February 2016 before he was sentenced. Although that is accurate, *Taylor* was already pending on certiorari, so the argument was available.

**Sentence Under "Force" Clause, Not the "Residual" Clause**

The Report also recommends dismissal because Carpenter's conviction was under 18 U.S.C. § 924(c)(3)(a), the "force" or "elements" clause, and not under § 924(c)(3)(b), the "residual" clause (Report, ECF No. 115, PageID 699-700). The Report notes that the Sixth Circuit has held Hobbs Act robbery has as an element the use of violent force. *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir. 2017).

Carpenter's Objections acknowledge that *Gooch* is a "formidable" obstacle to his case but suggests a number of ways this Court can rule in his favor despite *Gooch* (Objections, ECF No. 121, PageID 717-28).

First of all, Carpenter argues "a district [court] is not bound by an appellant [sic] court's mandate in certain narrow circumstances." (Objections, ECF No. 121, PageID 718.) However, the Report speaks of *Gooch* as binding precedent, not because of the mandate in that case.

The mandate is the final judgment of a federal court of appeals in which that court relinquishes jurisdiction and returns it to the district court. The mandate rule is a specific application of the law-of-the-case doctrine. The basic tenet of the mandate rule is that a district

court is bound to the scope of the remand issued by the court of appeals. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Thus the mandate in *Gooch* would have been directed to the district court from which that appeal was taken. *Gooch* is binding on this Court because of the doctrine of *stare decisis*, not the mandate rule.

Carpenter argues *Gooch* is wrong because a Hobbs Act robbery can be committed with minimal force, i.e., less force than is required to satisfy *Johnson v. United States*, 559 U.S. 133, 140 (2010). But in *Gooch* the Sixth Circuit joined every other circuit which has decided the question to decide that Hobbs Act robbery is not a divisible offense, but is "categorically" a crime of violence. It does not matter for purposes of statutory interpretation that a dictionary definition of violence, such as that quoted by Carpenter (ECF No. 121, PageID 721), might be broader than the definition adopted by the Sixth Circuit – this Court's duty is to follow in point authority. Carpenter's note that the origins of the Hobbs Act robbery definition can be found in the New York Penal Code of the 1940's is historically interesting, but cannot overcome the Sixth Circuit's reading.

Carpenter's Objections are overruled and the Magistrate Judge's Report is adopted. Defendant's § 2255 Motion is DENIED. Because reasonable jurists would not disagree with this conclusion, is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. Defendant is of course free to apply directly to the Sixth Circuit for a certificate of appealability and leave to appeal *in forma pauperis*.

*Susan J. Dlott*
Susan J. Dlott