IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:15-cr-26 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER DENYING MOTION TO** |
| SAVOY CARPENTER, : | **RECONSIDER** |
| : | |
| Defendant. : | |
| : | |

This matter is before the Court on Defendant Savoy Carpenter's Motion to Reconsider. (Doc. 176.) Citing a now-vacated decision by the Sixth Circuit, Carpenter seeks reconsideration of the Court's November 18, 2021 Order Vacating January 14, 2021 Order and Denying Motion for Compassionate Release. (Doc. 175.) The Government opposes reconsideration. (Doc. 178.) For the reasons that follow, Carpenter's Motion to Reconsider will be **DENIED**.

I.  **BACKGROUND AND ANALYSIS**[1]

On January 14, 2021, the Court issued an Order Granting Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 161.) The Court held that "the drastic [nonretroactive] change to [18 U.S.C.] § 924(c) penalties, Carpenter's youth at the time of his convictions and otherwise clean record, and extraordinary rehabilitation efforts, as evidenced by his transcripts, letters of support, and personal filings, together constitute an extraordinary and compelling reason for reduction in sentence." (*Id.* at PageID 991.) The Court also stated that it would consider the 18 U.S.C. § 3553(a) sentencing factors and updated

---

[1] The background facts of Carpenter's criminal convictions are not repeated here as they are fully set forth in the Court's November 18, 2021 Order. (Doc. 175.)

information from the Probation Office at a new sentencing hearing. (*Id*. at PageID 992.) However, the Court never held a new sentencing hearing.

Instead, on November 18, 2021, the Court vacated its January 14, 2021 Order and denied the Motion for Compassionate Release. (Doc. 175.) The Court stated:

> At the time of this Court's January 14, 2021 Order, the Sixth Circuit had not yet considered whether the non-retroactive change to [18 U.S.C.] § 924(c) may be an extraordinary and compelling reason for release. (*See* Doc. 161 at PageID 990.) However, the Sixth Circuit now has held as a matter of law that the First Step Act's non-retroactive change to § 924(c) is not an "extraordinary and compelling" reason for release under [18 U.S.C.] § 3582(c)(1)(A)(i). *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. June 3, 2021) (affirming district court's denial of a motion for compassionate release), *rehearing en banc denied* (Sept. 8, 2021), *petition for cert. filed*, No. 21-568 (Oct. 15, 2021). In *United States v. Hunter*, the Sixth Circuit Court of Appeals held that "non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction" and "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." 12 F.4th 555, 568 (6th Cir. Aug. 30, 2021). Whereas before this area of law was in question, it no longer is.

(*Id.* at PageID 1124.) Relying upon *Hunter* and *Jarvis*, this Court held that "based on new and decisive law in this Circuit, it lacks the authority to modify Carpenter's sentence as there is no extraordinary and compelling reason for his release." (*Id*. at PageID 1127.) The Court alternatively held that the 18 U.S.C. § 3553(a) sentencing factors do not support Carpenter's release. (*Id.*)

On December 22, 2021, Carpenter filed the pending Motion to Reconsider the Court's November 18, 2021 Order. (Doc. 176.) Carpenter asserted that the Sixth Circuit's initial decision in *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. Dec. 17, 2021), *vacated by*, 2022 WL 17843865 (6th Cir. Dec. 22, 2022) (*en banc*), necessitated its reconsideration. In that now-vacated initial decision, a divided panel of the Sixth Circuit held that sentence disparities stemming from nonretroactive changes in sentencing law under *United States v. Havis*, 927 F.3d

382 (6th Cir. 2019), combined with the COVID-19 pandemic and the defendant's rehabilitative efforts, constituted an extraordinary and compelling basis for compassionate release. 20 F.4th at 1109, 1116. Carpenter argued that, under the initial *McCall* decision, nonretroactive changes of law could be considered in his § 3582(c)(1)(a) analysis. Now, however, the Court has the benefit of the full *en banc* reconsideration of the matter in *McCall*.

The *en banc* decision in *McCall* was issued on December 22, 2022. The majority held that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis." *McCall*, 2022 WL 17843865 at *15. The majority explained that "there is nothing extraordinary about the ordinary operation of our legal system, which assumes new statutes and caselaw have no retroactive effect." *Id.* at *13.

Accordingly, in the Sixth Circuit, nonretroactive changes in law—such as the change to the stacking penalties in § 924(c)—cannot factor into the analysis of whether extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(a).[2] This Court was correct in the November 18, 2021 Order to hold that the nonretroactive changes to § 924(c) could not be a basis for granting compassionate release to Carpenter. (Doc. 175 at PageID 1124, 1127.) Moreover, the Court reaffirms its findings in the November 18, 2021 Order that Carpenter has not otherwise established extraordinary and compelling grounds for compassionate release or that the § 3553(a) factors support compassionate release. (*Id.* at 1126–1130.)

---

[2] There is a split among the Circuit Courts of Appeal on this issue. Several Circuits agree with the Sixth Circuit that nonretroactive changes in law cannot support an extraordinary and compelling finding. *See United States v. Jenkins*, 50 F.4th 1185, 1198 (D.C. Cir. 2022); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022), *cert. denied*, 142 S.Ct. 2781 (2022); *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021), *cert. denied*, 142 S.Ct. 1446 (2022); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), *cert. denied*, 142 S.Ct. 1363 (2022). Other circuits have held that such nonretroactive changes to statutory law may be considered in connection with other factors to satisfy the extraordinary and compelling standard for compassionate release. *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022); *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022); *United States v. McGee*, 992 F.3d 1035, 1047–1048 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 286–287 (4th Cir. 2020).

## II. CONCLUSION

For the reasons set forth herein, Carpenter's Motion to Reconsider (Doc. 176) is **DENIED**.

**IT IS SO ORDERED.**

S/Susan J. Dlott  
Judge Susan J. Dlott  
United States District Court