IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:15-cr-26 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ORDER DENYING SECOND MOTION** |
| SAVOY CARPENTER, | : | **FOR COMPASSIONATE RELEASE** |
| | : | |
| Defendant. | : | |
| | : | |

This matter is before the Court on Defendant Savoy Carpenter's Second Motion for

Compassionate Release. (Doc. 189.) The Government opposes Carpenter's Motion, and

Carpenter replied. (Doc. 195, 199, 200.) For the reasons that follow, Carpenter's Motion will be

**DENIED**.

I.      **BACKGROUND**

   **A. Carpenter's Offense and Conviction**

        This Court has previously set forth the procedural history of this case in prior Orders.

(*See* Docs. 161, 176, 185.)   Briefly stated, Savoy Carpenter was involved in a string of robberies

in the Cincinnati area in 2014 when he was nineteen years old.  (Doc. 21; PSR, p. 3.)  On June 3,

2015, Carpenter pled guilty to Counts 1, 5, 6, 7, and 8 of the Bill of Information and waived

indictment. (Doc. 21 at PageID 51; Doc. 36.) Counts 1, 5, and 7 charged Carpenter with

violating 18 U.S.C. § 1951 and 18 U.S.C. § 2, interference with commerce by robbery and aiding

and abetting the interference with commerce by robbery, which carried a term of imprisonment

of up to twenty years, a fine of $250,000, and supervised release of up to three years. (Doc. 21 at

PageID 51.) Count 6 charged him with violating 18 U.S.C. § 924(c)(1)(A)(ii), using, carrying,

and brandishing a firearm during and in relation to a crime of violence, which carried a term of

imprisonment of seven years to life to be served consecutive to any sentence on the other counts, a fine of up to $250,000, and supervised release of up to five years. (*Id.*) Count 8 charged Carpenter with violating 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i), using, carrying, and brandishing a firearm during and in relation to a crime of violence, which carried a term of imprisonment of twenty-five years to life to be served consecutive to any sentences on the other counts, a fine of up to $250,000, and supervised release of up to five years. (*Id.* at PageID 52.) Carpenter also was required to pay a mandatory special assessment on each count of conviction. (*Id.*)

On May 9, 2016, Carpenter was sentenced to one day of incarceration on Counts 1, 5, and 7 to run concurrently with all other counts. (Doc. 70.) He was sentenced to 60 months of incarceration on Count 6, to run consecutive to all other counts, and 240 months of imprisonment on Count 8, to run consecutive to all other counts, for a total of 300 months of imprisonment. Carpenter is currently incarcerated at FMC Devens. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed May 8, 2025). His projected release date is October 16, 2036. *Id.*

## II.    STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Carpenter seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon

2

motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Assuming that the inmate has exhausted administrative remedies, the district court must

(1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure

that the reduction is consistent with the applicable policy statements by the United States

Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors

listed in 18 U.S.C. § 3553(a). *United States v. Bricker*, 135 F. 4th 427, 433 (6th Cir. April 22,

2025) (citing § 3582(c)(1)(A)(i)); *see also United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir.

2022).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,'

except to state that '[r]ehabilitation of the defendant alone shall not be considered an

extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir.

2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022)).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of

the offense and the defendant's history and characteristics; (2) the need for the sentence imposed

---

[1] The Sixth Circuit previously determined that the only United States Sentencing Commission policy statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.*; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the United States Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider the nonretroactive changes in law relevant to sentencing as part of its weighing of the § 3553(a) sentencing factors. *See Hunter*, 12 F.4th at 568–569. District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

## III.   ANALYSIS

### A. No Extraordinary and Compelling Reason for Release

After Carpenter was sentenced, the First Step Act amended 18 U.S.C. § 924(c) to change what is defined as a prior conviction for purposes of applying a twenty-five-year mandatory minimum term of imprisonment as a penalty for conviction. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018). But the change is not retroactive, so Carpenter has petitioned the Court several times to consider this nonretroactive change in law as a basis to grant him compassionate release. He argues that if sentenced today, his sentence would be significantly less, because he would not be subjected to "stacking" § 924(c) convictions.

Previously, the Court granted Carpenter's Motion for Compassionate Release pending a new sentencing hearing. (Doc. 161.) However, during the time between granting Carpenter's Motion and his resentencing hearing, the Sixth Circuit ruled in contravention to the Court's Order by holding that the nonretroactive change in § 924(c) is not an "extraordinary and compelling" reason for release under 18 U.S.C. § 3582(c)(1)(A)(i). *See United States v. Jarvis,*

4

999 F.3d 442, 444 (6th Cir. June 3, 2021) (affirming district court's denial of a motion for compassionate release); *Hunter*, 12 F.4th at 568. Therefore, on November 18, 2021, the Court vacated its January 14, 2021 Order granting compassionate release based upon new and decisive Sixth Circuit law to the contrary. The Court also found that the sentencing factors did not support Carpenter's release. (Doc. 175.)

Carpenter then moved for reconsideration of that decision, arguing that the now-vacated decision in *United States v. McCall* supported his argument that nonretroactive changes in law could be considered in the Court's § 3582(c)(1)(a) analysis. 20 F.4th 1108, 1116 (6th Cir. 2021), *vacated by,* 56 F4th 1048 (6th Cir. 2022) (*en banc*). But an *en banc* panel rejected that argument and held: "Nonretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop." 56 F.4th at 1066. Therefore, this Court held:

> This Court was correct in the November 18, 2021 Order to hold that the nonretroactive changes to § 924(c) could not be a basis for granting compassionate release to Carpenter. (Doc. 175 at PageID 1124, 1127.) Moreover, the Court reaffirms its findings in the November 18, 2021 Order that Carpenter has not otherwise established extraordinary and compelling grounds for compassionate release or that the § 3553(a) factors support compassionate release. (*Id.* at 1126–1130.)

(Doc. 185 at PageID 1196.)

Not too long after the *McCall* decision, the United States Sentencing Commission amended U.S.S.G. § 1B1.13 to include § 1B1.13(b)(6), which allows the Court to consider "unusually long sentences" and nonretroactive changes in the law in determining whether a defendant has established an extraordinary and compelling reason for compassionate release:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be

imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6), *invalidated by Bricker*, 135 F. 4th at 450. On January 23, 2025, Carpenter again moved for compassionate release. (Doc. 189.) This time, Carpenter argues he is entitled to compassionate release based upon changes by the Sentencing Commission to U.S.S.G. § 1B1.13(6). Carpenter argues that "[t]his Court is not required to follow *McCall* in light of § 1B1.13(b)(6)." (*Id.* at PageID 1219.)

But on April 22, 2025, the Sixth Circuit Court of Appeals rejected Carpenter's argument and held that U.S.S.G. § 1B1.13(b)(6) is "invalid" and that "the Commission overstepped its authority" by issuing the policy statement, which is "plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 135 F. 4th at 430, 450. Following the *Bricker* decision, Carpenter filed a "Notice of Relevant Sixth Circuit Decision" directing the Court to the *Bricker* decision and acknowledging that it is directly adverse to his Motion, although he did not withdraw his Motion. (Doc. 200.) Because Carpenter's position is foreclosed by *Bricker*, Carpenter's Second Motion for Compassionate Release (Doc. 189) will be **DENIED**.

### B. Sentencing Factors Do Not Support Release

Alternatively, even if Carpenter could demonstrate an extraordinary and compelling reason for release, and the law in this Circuit is clear he cannot, consideration of the § 3553(a) sentencing factors would not warrant his early release. Among the factors to be considered are the nature and characteristics of the offense; Carpenter's criminal history; the need for the sentence imposed to reflect the seriousness of the Carpenter's conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted sentencing disparities. The Court fully considered these factors at sentencing and in its prior Orders. This time, Carpenter

has attached an updated disciplinary record with new infractions and continues to work on his rehabilitation. The new evidence does not change the Court's conclusions that the §3553(a) factors do not support early release even if he could demonstrate an extraordinary and compelling reason for his release.

## IV. CONCLUSION

For the reasons set forth within this Order, Carpenter's Second Motion for Compassionate Release (Doc. 189) is **DENIED**.

**IT IS SO ORDERED.**

Judge Susan J. Dlott
United States District Court